UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-125-RLV
(5:14-cr-26-RLV-1)

| | | |
|---|---|---|
| **BRANDON SCOTT SACKRIDER,** | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court upon the Government's unopposed motion to hold this action in abeyance. (Doc. 8.) Petitioner is represented by the Federal Defenders of Western North Carolina ("FDWNC").

On June 19, 2014, Petitioner pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute heroin and Xanax in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). A presentence investigation report found that Petitioner had prior North Carolina convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: 1) larceny from a person, and 2) assault with a deadly weapon inflicting serious injury and conspiracy to commit robbery with a dangerous weapon, which were consolidated for judgment. (Suppl. Mot. to Vacate 2, Doc. No. 6.) He was sentenced on June 1, 2015, to 188 months' incarceration pursuant to the career offender provision. (Suppl. Mot. to Vacate 2-3.)

Petitioner timely appealed, and appointed counsel filed an Anders brief asserting that there were "no meritorious grounds for a direct appeal." Petitioner filed a pro se response arguing that he no longer qualified as a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015), and that trial counsel rendered ineffective assistance. The Government moved

1

to dismiss the appeal, asserting that Petitioner had waived his right to appeal. The Fourth Circuit granted the government's motion in an unpublished opinion on March 2, 2016. United States v. Sackrider, 635 F. App'x 111, 112 (4th Cir. 2016) (per curiam).

On June 21, 2016, Petitioner commenced the above-captioned action by filing a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He again challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2, arguing that his prior North Carolina conviction for larceny from a person no longer qualifies as a predicate offense in light of the Supreme Court's decision in Johnson. Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id., 135 S. Ct. at 2563. Petitioner also raises ineffective assistance of counsel claims. On January 13, 2017, the FDWNC filed a supplemental motion supporting Petitioner's Motion to Vacate. (Doc. No. 6.)

On March 2, 2017, the Government filed the instant motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Motion to Stay, Doc. No. 8.) The Government contends Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including: whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

According to the Government, counsel for Petitioner does not oppose the Motion to hold this action in abeyance. (Mot. to Stay 3.) For the reasons stated in the Motion, and without objection from Petitioner, the Motion shall be granted.

2

**IT IS, THEREFORE, ORDERED** that the Motion to Hold Petitioner's § 2255 Motion to Vacate in Abeyance (Doc. No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in <u>Beckles v. United States</u>, No. 15-8544. The Government shall have 60 days from the date the Supreme Court issues its decision in <u>Beckles</u> to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

Signed: March 3, 2017

Richard L. Voorhees
United States District Judge