UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00125-KDB
(5:14-cr-00026-KDB-1)

| | |
|---|---|
| BRANDON SCOTT SACKRIDER, )<br>)<br>   Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Brandon Scott Sackrider's pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)

**I.  BACKGROUND**

Sackrider pled guilty on June 19, 2014, in accordance with a written plea agreement, to conspiracy to distribute and to possess with intent to distribute heroin and Xanax. Sackrider's plea agreement included the following relevant provisions:

> d.  The parties agree that the Defendant appears to be a "Career Offender" for purposes of U.S.S.G. § 4B1.1, which increases the Defendant's base offense level to 32 and criminal history category to VI, resulting in an advisory sentencing guidelines range of 151-188 months in prison . . . . The parties agree that the Defendant should receive a sentence at the top of that range, that is, 188 months.
>
> e.  In light of the plea negotiations in this case -- in which the United States has agreed not to charge multiple violations of 18 U.S. Code Section 924(c) -- in the unlikely event that the Court does not find that the Defendant is a Career Offender, the Defendant and the United States will jointly recommend that he receive an upward departure and/or variance to 188 months of imprisonment.

Plea Agreement at 2 ¶ 7d, e, United States v. Sackrider, No. 5:17-cr-20 (W.D.N.C.), ECF No. 2.[1]

---

[1] Unless otherwise indicated, the Court cites documents from the underlying criminal case by ECF number and documents filed in the instant civil action by docket number.

1

A probation officer prepared a presentence report ("PSR"). PSR, id., ECF No. 20. According to the PSR, Sackrider's offense conduct included selling drugs and firearms to undercover officers, and when law enforcement officers searched Sackrider's home, they found drugs and another eight firearms. Id. at ¶¶ 9-15. The probation officer recommended the Court find that Sackrider qualified for an enhanced sentence as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") based on his prior North Carolina state convictions for larceny from a person, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. Id. at ¶ 28. Allowing a three-level reduction for acceptance of responsibility, Sackrider's total offense level was 29. Id. at ¶¶ 29-31. Sackrider had 14 criminal history points, placing him in criminal history category VI, even without application of the career-offender enhancement. Id. at ¶ 55. The advisory guidelines range was 151 to 188 months in prison. Id.

At sentencing, Sackrider told the Court that he pled guilty freely and voluntarily, was satisfied with his attorney's services and was guilty of the offense. See Sent. Tr., Sackrider, No. 5:17-cr-20, ECF No. 30. Sackrider also told the Court that his attorney had carefully reviewed and discussed the PSR with him. Id. Defense counsel discussed Sackrider's personal circumstances and noted the parties' plea agreement to a 188-month sentence. Id. The Court sentenced Sackrider to 188 months imprisonment, stating that it was an appropriate sentence given Sackrider's serious criminal record, the nature and circumstances of his offense and the need to provide deterrence and to protect the public. Id.

Sackrider appealed. His attorney filed an Anders brief but questioned whether the plea was voluntary. United States v. Sackrider, 635 F. App'x 111, 111-112 (4th Cir. 2016) (unpublished). Sackrider filed a pro se brief, arguing that he was incorrectly sentenced as a

career offender because under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), one of his prior North Carolina convictions no longer qualified as a predicate felony for career offender status under the Sentencing Guidelines. See id. at 112.

The Fourth Circuit ordered supplemental briefing on the Johnson issue. The United States moved to dismiss the appeal, contending Sackrider had waived his right to appeal the Johnson issue in his plea agreement. The Fourth Circuit granted the Government's motion, holding that the Johnson issue was within the scope of the waiver. Id. The Fourth Circuit also found that there were no other meritorious issues for appeal. Id.

Sackrider timely filed the instant Motion to Vacate. (Doc. No. 1.) He contends his sentence should be vacated because under Johnson he no longer qualifies as a career offender, and he claims that his attorney provided ineffective assistance with respect to his guilty plea and sentencing.

The Federal Public Defender ("FPD") entered an appearance on Sackrider's behalf and filed a supplemental memorandum, claiming that counsel provided ineffective assistance at sentencing in light of the pending decision in Johnson. (Doc. No. 6.) The FPD asserted that trial counsel should have argued Sackrider's prior larceny from a person conviction does not qualify as a crime of violence under Johnson and that counsel did not properly advise Sackrider regarding the potential impact of Johnson on his career-offender status.

This Court held Sackrider's Motion to Vacate in abeyance pending the Supreme Court's decision in Beckles v. United States, see Doc. No. 9. After the Supreme Court decided Beckles, 137 S. Ct. 886, 890 (2017), the Government filed a Response to the Motion to Vacate, see Doc. No. 12; this Court allowed the FPD to withdraw as counsel and notified Sackrider of his right to file a reply in support of his Motion to Vacate, see Doc. No. 17. Sackrider has not filed a reply,

3

and he has had ample time to do so.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Based on the record before it, the Court has determined that an evidentiary hearing is not required to resolve the claims raised in the Motion to Vacate.

## III. DISCUSSION

### A. Career Offender Status

Sackrider contends that under Johnson, he no longer qualifies for an enhanced sentence as a career offender and that his sentence therefore must be vacated. § 2255 Mot. (Doc. No. 1) at 2-4. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. 135 S. Ct. at 2563. Consequently, a defendant who was sentenced to a mandatory minimum prison term under the ACCA based on a prior conviction that satisfies only the residual clause is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255).

Sackrider's sentence was not enhanced under the ACCA. His sentence was enhanced under the U.S.S.G., and the holding in Johnson does not extend to the Sentencing Guidelines. See Beckles, 137 S. Ct. at 892. In Beckles, the Supreme Court held that the advisory Sentencing

Guidelines are not subject to a vagueness challenge under the Due Process Clause. Id. Thus, Sackrider may not obtain relief from his sentence under Johnson, and this claim must be denied.[2]

### B. Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To succeed on a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong). See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues. See id. at 687–90; Winston v. Pearson, 683 F.3d 489, 504 (4th Cir. 2012). Competent performance is evaluated by reference to the reasonableness of counsel's decisions under "professional norms." Padilla v. Kentucky, 559 U.S. 356, 366–67767 (2010). A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Satcher v. Pruett, 126 F.3d 561, 572 (4th

---

[2] The United States contends Stackrider's Johnson claim is procedurally barred by the waiver provision in his plea agreement. See Sackrider, 635 F. App'x at 112. In a case decided after the United States filed its response, the Fourth Circuit held that an appeal waiver did not bar its review of a habeas motion where a substantive rule that applied retroactively deprived the sentencing court of the statutory authority to impose an enhanced sentence under the residual clause of the ACCA. See United States v. Cornette, 932 F.3d 204, 209 (4th Cir. 2019). In light of the Cornette decision, this Court declines to apply a procedural bar to Sackrider's claim, as the claim fails on the merits.

5

Cir. 1997) (explaining that it is not sufficient to show the mere 'possibility of prejudice." (citation and internal quote omitted)). If a petitioner fails to conclusively demonstrate prejudice, the reviewing court need not consider whether counsel's performance was deficient. United States v. Terry, 366 F.3d 312, 315 (4th Cir. 2004).

1. **Plea**

Sackrider claims trial counsel rendered ineffective assistance in connection with the guilty plea that rendered his plea unknowing and involuntary. Specifically, Sackrider claims counsel's performance fell below an objective standard of reasonableness when he failed to explain how Sackrider's prior convictions and relevant conduct would be used to calculate and enhance his sentence under the Guidelines. Sackrider contends that had counsel explained these factors to him, he would have made an informed decision and not "entered into an unknowing and involuntary plea agreement." Sackrider Aff. (Doc. No. 1-2) at ¶ 6.

Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong in this situation, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Sackrider has demonstrated neither deficient performance nor prejudice under Strickland. As an initial matter, the plea agreement itself contained a provision citing Sackrider's likely qualification as a career offender and how that would effect on his base offense level and guidelines range. See Plea Agreement at 2 ¶ 7d, Sackrider, No. 5:17-cr-20, ECF No. 2. At the plea hearing, Sackrider affirmed that: he understood the maximum penalty that could be

6

imposed; he had discussed with his attorney how the Sentencing Guidelines might apply to his case and understood that the sentence could be higher or lower than the guidelines range; and if the sentence imposed was higher than he expected, or the Court did not follow the government's recommendation, he would still be bound by his guilty plea. See Plea Tr. at 3-4, 8-10, id., ECF No. 29. The government reviewed the terms of the plea agreement, including the parties' recommendation that Sackrider be sentenced to 188 months of imprisonment. Id. at 13-15. Sackrider stated that he had reviewed the plea agreement carefully with his attorney and that he agreed to those terms. Id. at 16-17. He also affirmed that he had not been threatened or intimidated to plead guilty, that he had had sufficient time to consult with his attorney regarding possible defenses, and that he was satisfied with his attorney's services. Id. at 18-19. The magistrate judge found that Sackrider's guilty plea was knowingly and voluntarily made and accepted it. Id. at 21.

A petitioner generally is bound by the statements made during his Rule 11 colloquy, which provide strong evidence of the voluntariness of his plea. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Section 2255 claims that contradict the statements petitioner made during his plea colloquy are deemed "patently frivolous or false," except in extraordinary circumstances. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Here Sackrider has not identified any extraordinary circumstance that calls into question the veracity of his statements during his Rule 11 plea colloquy. In short, Sackrider has failed to demonstrate that his plea was unknowing and involuntary because his attorney failed to explain how the Sentencing Guidelines might apply to his case.

Moreover, Sackrider has failed to demonstrate that counsel's advice that he plead guilty

7

pursuant to the terms of the plea agreement was outside the range of competence demanded of attorneys in criminal cases. The probation officer confirmed that based on his criminal history, Sackrider was a career offender under the Sentencing Guidelines. See PSR at ¶ 28, Sackrider, No. 5:17-cr-20, ECF No. 20. Even with a three-level reduction for acceptance of responsibility, which lowered his base offense level, Sackrider's Sentencing Guidelines range remained 151-188 months in prison. See id. at 91. In other words, the plea agreement had no impact on Sackrider's Sentencing Guidelines range.

Although the plea agreement contained the parties' agreement that Sackrider should receive a 188-month sentence regardless of the validity of the career offender designation, the plea agreement indicates that provision was included in exchange for the Government agreeing not to charge Sackrider with the multiple violations of 18 U.S.C. § 924(c) it could have charged. Even without a career offender designation, if Sackrider had been convicted of one 18 U.S.C. § 924(c) violation he would have faced a consecutive sentence of not less than five years' imprisonment, not more than life imprisonment. For each subsequent conviction of a § 924(c) offense, Sackrider would have faced an additional consecutive sentence of not less than twenty-five (25) years' imprisonment, not more than life imprisonment.

Finally, as noted, to satisfy Strickland's prejudice prong Sackrider must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Sackrider does not assert that he would have rejected the plea agreement and proceeded to trial; he contends only that he would not have entered into an unknowing plea agreement. Furthermore, proceeding to trial would have been objectively unreasonable given Sackrider's sale of drugs and guns to undercover officers and the Government's concession in the plea agreement not to charge him with several § 924(c) counts,

which would have carried statutory mandatory consecutive sentences, as well as cost him the three-level reduction for acceptance of responsibility. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (The petitioner's "subjective preferences" are not dispositive, but rather "whether proceeding to trial would have been objectively reasonable in light of all of the facts."). Accordingly, because Sackrider cannot show deficient performance or prejudice, this claim is denied.

### 2. Criminal Justice Act

Sackrider claims counsel rendered ineffective assistance of counsel by violating the statutory requirements of the Criminal Justice Act ("CJA") as set forth in 18 U.S.C. § 3006A. Section § 3006A sets forth the circumstances under which the federal courts must appoint counsel for indigent defendants in the federal courts; it does not include any requirements for how an attorney appointed under the CJA is to conduct that representation. Notably, Sackrider does not identify the statutory requirements his attorney allegedly violated. This claim is dismissed for failure to state a claim upon which relief may be granted.

### 3. Sentencing

Sackrider claims counsel was ineffective at sentencing for failing to argue that the Court should impose a sentence at the low end of the Guidelines. As previously explained, the plea agreement included the provision that Sackrider would be sentenced to 188 months in exchange for the Government's agreement not to charge him with multiple § 924(c) offenses. As such, counsel did not render ineffective assistance by failing to argue Sackrider should be sentenced to something less than 188 months. Such an argument would have allowed the Government to argue that Sackrider was attempting to withdraw his guilty plea and that it therefore was no longer bound by its agreement not to indict him for the § 924(c) offenses. Furthermore,

9

Sackrider has not pointed to any evidence that there is a reasonable probability the Court would have sentenced him below 188 months had counsel presented that argument.

Next, Sackrider claims counsel rendered ineffective assistance when he failed to: 1) adequately advise Sackrider about his legal options—such as seeking to withdraw his plea or to negotiate an exception to the appellate waiver—in light of the likely outcome of the Johnson case; 2) move to continue Sackrider's sentence until after the Supreme Court issued its Johnson opinion; or 3) argue at sentencing that in light of the likely outcome of the Johnson case his larceny from the person conviction should not qualify as a crime of violence under the Sentencing Guidelines. Sackrider cannot demonstrate that there is a reasonable probability his sentence would have been lower had counsel done one or more of the above.

Sackrider's claim hinges upon Johnson's application to the Sentencing Guidelines. Had Johnson applied to the Guidelines, Sackrider's North Carolina larceny from the person conviction would no longer qualify as a career offender predicate, and Sackrider would no longer qualify as a career offender. As explained previously, however, the holding in Johnson does not apply to the Sentencing Guidelines, see Beckles, 137 S. Ct. at 892. As such, Sackrider's ineffective assistance of counsel claims fail and shall be denied.

### 4. Cumulative Error

Sackrider argues that the cumulative effect of his counsel's alleged errors deprived him of effective assistance and that an evidentiary hearing should be held on his claims. Ineffective assistance of counsel claims must be reviewed individually; an attorney's actions or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation. Fisher v. Angelone, 163 F.3d 835, 852–53 (4th Cir. 1998) (quote and citation omitted). The "cumulative-error analysis evaluates only effect of matters determined to be error,

not cumulative effect of non-errors." Id. (citation omitted). Because Sackrider has not established deficient performance and prejudice as to any of his ineffective assistance claims, he cannot show cumulative error based on ineffective assistance. See id. This claim is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED** with prejudice and **DENIED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 31,

Kenneth D. Bell
United States District Judge